## STATE v. YOUNG.
### No. 77-323 CF.
Circuit Court, Duval County.
March 28, 1977.

Brent D. Shore, Assistant State Attorney, for the state.

William J. Sheppard, Jacksonville, for the defendant.

RALPH W. NIMMONS, Jr., Circuit Judge.

This cause came on to be heard in open court on March 25, 1977 upon the defendant's motion to reconsider order on motion to suppress in which motion the defendant requests the court to reexamine the court's order entered on March 19, 1977 in which the court ruled that the search and seizure at the Duval County jail was justified on the basis that the defendant had been lawfully arrested and booked into said jail on a charge of careless driving under Section 316.030, Florida Statutes.

The defendant has cited to the court the recent case of *State v. Johnson,* Case No. 50,501 (decided by the Florida Supreme Court on March 17, 1977). Upon examination of that case and a further review of the applicable provisions of Chapters 318 and 316, Flor-

ida Statutes, the court is persuaded that the present state of the law in Florida is such that an arrest cannot be justified on the basis of a violation of the careless driving statute (Section 316.030). Although Section 316.017 purports to authorize, under certain circumstances, an arrest for violations of any of the provisions of Chapter 316, the effect of the subsequently enacted "Florida Uniform Disposition of Traffic Infractions Act" (Chapter 318) is such that Section 316.017 must, of necessity, be regarded as having been repealed at least insofar as such section would be deemed to authorize any more than a temporary detention for the purpose of issuing a traffic citation. Section 318.41(1) provides, in part, with certain exceptions which are inapplicable here, that a person who violates any of the provisions of Chapter 316 "shall be deemed to be charged with a noncriminal infraction and shall be cited for such an infraction and cited to appear before an official."

In upholding the constitutionality of the aforesaid Uniform Act (Chapter 318), our Supreme Court in *Johnson,* supra, said that the enactment of the Act

> "had as its stated purpose 'decriminalization' of certain violations of various motor vehicle and traffic statutes, thereby facilitating the implementation of a more uniform and expeditious system for the disposition of traffic offenses."

*  *  *

> "The over-crowded facilities of jails can now be utilized for persons convicted of more serious offenses. The proceedings are civil in nature."

The court further finds, based upon the testimony presented at the March 18, 1977 hearing on defendant's motion to suppress — (a) that Officer Evans made an investigation at the scene of the traffic accident and, based upon his personal investigation, had reasonable and probable grounds to believe that the defendant was the driver of the vehicle and that the accident resulted from careless driving, a violation of Section 316.030, Florida Statutes, (b) that Officer Evans did not have reasonable and probable grounds to believe that the defendant had committed a violation of Section 316.028 (driving while under the influence, etc.), (c) that although Officer Evans had reasonable and probable grounds to arrest the defendant for operating a motor vehicle without a valid driver's license, the justification for continuing to hold her and book her into the Duval County jail on that offense fell when he confirmed, while transporting the defendant to the jail, that she did have a valid, outstanding driver's license, and (d) that the search complained of by defendant resulting in the seizure of the controlled substance found on defendant's person occurred in connection

with her being booked into the Duval County jail (this having been stipulated to by counsel for purposes of the hearing on the motion to suppress).

Based upon the foregoing, it is ordered — (1) Defendant's motion to reconsider order on motion to suppress filed herein on March 25, 1977 is granted. (2) the court's order entered on March 19, 1977 denying defendant's motion to suppress is vacated and set aside. (3) The defendant's motion to suppress filed on March 19, 1977 is granted and the evidence obtained by the state from the search of the defendant at the Duval County jail on January 24, 1977 is suppressed and shall not be used as evidence against the defendant.